EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 551-2023-02513 |

Oregon Bureau of Labor & Industries - Civil Rights Division            and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>**Danielle Johnson** | Home Phone *(Incl. Area Code)*<br>▮▮▮▮▮ | Year of Birth |
|---|---|---|
| Street Address<br>▮▮▮▮▮ | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**Oregon Department of Environmental Quality** | No. Employees, Members<br>**501+ Employees** | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address<br>**700 NE Multnomah Street Suite 600**<br>**PORTLAND, OR 97232** | City, State and ZIP Code | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Disability, Religion | **10/12/2020** | **6/1/2023** |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On October 15, 2018, I became employed by Respondent as a Contract Officer. I am still employed by Respondent as a Contract Officer. Throughout my employment I have performed the duties of my position in a satisfactory manner. Respondent is aware of my disability.

I hold sincere religious beliefs based on my ancestral heritage, combining elements of British Christianity, Icelandic paganism, and Cherokee animism and shamanism. Respondent (specifically, DEQ HR and possibly my manager, Ned Fairchild) is aware of it, as I disclosed my religion in my August 24, 2021, request for a religious exception to the COVID-19 Vaccination Requirement.

My religious beliefs include, among other things, the following:

a. I believe that God is everywhere and in everyone. We are all tied inextricably together in a network of mutuality where whatever affects one of us directly, affects all of us indirectly. I believe discrimination against or favoritism toward people based on their protected personal characteristics

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/6/2023      *(signature)*<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **551-2023-02513** |

| Oregon Bureau of Labor & Industries - Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

affects the people who are hurt or helped directly, but is an injustice that ultimately harms all of us indirectly.

b. I believe that no one should be forced or pressured to participate in activities that violate their religious beliefs (as long as their beliefs do not unduly violate society's laws) or be oppressed by others who participate in such activities.

c. I believe that everyone is entitled to their own religious beliefs, and employers (especially government employers) should not unduly favor one religion over another, nor prefer religion over non-religion, nor prefer non-religion over religion. Employers should not tolerate evangelization and/or preaching from either side of opposing religious/anti-religious beliefs that creates a hostile work environment for those employees whose beliefs were disparaged or not endorsed, as well as for those employees who do not wish to engage in religious discourse in the workplace and/or do not wish to be converted to another employee's faith. I believe that in a pluralistic workplace where illegal discrimination and favoritism are not practiced, we cannot all bring our full selves to work; there would be too much unhealthy conflict if we did. Instead, we can all bring our "business professional" selves to work, accept and celebrate our differences and similarities in a neutral way, and try to get along and get the work done.

d. I believe that each of us is the unique sum of all our individual parts – a person's place in the world cannot be defined or dictated by any one of their protected personal characteristics (or any combination of only select protected personal characteristics). In addition, I believe that it is immoral (and unlawful in most employment decisions) to lump people into groups based on only one shared protected personal characteristic (or the combination of a set of select protected personal characteristics) and deliberately treat them, as a group, differently than members of other groups on the basis of that shared protected personal characteristic (or that combination of a set of select shared protected personal characteristics).

1. On October 10, 2022, I formally filed a complaint with the Oregon Department of Administrative Services Chief Human Resources Office (DAS CHRO) against Respondent (primarily, DEQ HR), which was subsequently investigated with assistance from and immunity to DEQ HR.

2. In my DAS CHRO complaint and investigation, I whistle blew that Respondent (primarily DEQ HR) has implemented discriminatory policies including, but not limited to, the following:

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/6/2023        *[signature]*<br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br><br>FEPA | 551-2023-02513 |

Oregon Bureau of Labor & Industries - Civil Rights Division _____ and EEOC

*State or local Agency, if any*

a.   I reported and complained that Respondent required or pressured job applicants, interview panelists, and all DEQ employees to publicly share their protected class status information – their gender pronouns, which directly correspond to their gender identity, with no justifiable business purpose for knowing that information, in order to make only some interview panelists and job applicants feel welcome, respected, and included. The sharing of gender pronouns publicly, in email signature lines and during job interviews serves to indicate allyship with a favored in-group based on religious/anti-religious beliefs and rejection of a disfavored out-group based on differing religious beliefs. For all the effort Respondent has supposedly made to help reduce bias and to discourage interview panelists from considering an applicant's cultural fit, it's ironic that DEQ HR went ahead and embedded these blatantly biased practices – this religious/anti-religious favoritism, which makes some interview panelists and job applicants feel unwelcome, disrespected, and excluded. I believe this to be a discriminatory action based on the protected class of aggrieved persons.

b.   I reported and complained that Respondent's policy of denying interview panelists access to written job applicant materials and denying job applicants the ability for interview panelists to review applicants' written application materials as part of the interview process, was discriminatory to job applicants with disabilities who rely on written materials to convey their job qualifications and discriminatory to interview panelists with disabilities who rely on written materials to make evaluations about selection of the most qualified applicant . I reported and complained that it was discriminatory that job applicants were restricted to conveying their qualifications to interview panelists verbally and visually, and interview panelists were restricted to making evaluations that rely primarily on how well candidates present themselves verbally and visually, without interview panelists having access to the written job applicant materials. I believe this to be a discriminatory action based on the protected class of aggrieved persons.

c.   I reported and complained that Respondent's use of a draft 21-23 Affirmative Action Plan violates EEOC guidelines for the justification of a policy or practice based on race, sex, or national origin. The draft plan requires management and staff to actively work to implement the plan "as assertively as possible" to meet employment goals around race, gender, and veteran status of employees and managers that were not designed to achieve the purposes of Title VII of the Civil Rights Act. One of the stated goals of the plan is to "help develop and maintain a workforce that reflects the demographics of Oregon," as opposed to reflecting the demographics of the relevant qualified labor market in each job group. The goals appear not to be based on statistically significant differences between actual employment results and the results that would be expected based on availability of the relevant qualified labor market in each of the particular job groups, as instructed by CFR 1607.17. Instead, manager demographic goals are based on the population of existing DEQ staff, aiming to have the demographics of management at DEQ match the demographics of the pool of all DEQ staff. And staff demographic goals are based on the demographics of the workforce population of Oregon. These goals are inappropriate and discriminatory because the demographics of the workforce population of

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/6/2023       *(signature)*<br><br>Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC<br><br>FEPA | Agency(ies) Charge No(s):<br><br>**551-2023-02513** |
|---|---|---|

| **Oregon Bureau of Labor & Industries - Civil Rights Division** | and EEOC |
|---|---|
| State or local Agency, if any | |

Oregon do not match the demographics of the pool of qualified candidates in each of the job categories. I believe this to be a discriminatory action based on the protected class of aggrieved persons.

3.  In my DAS CHRO complaint and investigation, I also identified that Respondent has subjected me to harms including, but not limited to, the following:

    a.  On October 12, 2020, I was demeaned, intimidated, humiliated, and embarrassed by manager Shannon Davis in front of other managers, including Lydia Emer, my Division Administrator, for daring to share my beliefs that conflicted with the anti-racist training we were receiving and for expressing that some of the concepts being endorsed violated my beliefs, specifically, 1) that America, though flawed, is still the best country in the world because it is the freest and fairest, 2) that it is inappropriate/illegal to elevate the voices of some people because of their membership in a protected class group, and 3) that the presenters did not share enough information for us to be able to make an informed (i.e., rational, not purely emotional) opinion about what it means when resumes of people with black-sounding names receive fewer calls than resumes of people with white-sounding names. Following that conference, most management services non-supervisory employees, including me, were removed from invitations to manager meetings/conferences/emails without explanation. This caused me to lose access to information that other management services employees continued to receive. It was later explained that this was because the information shared in these venues was mostly related to supervisory functions. But I learned in a recent (Jan/Feb 2023) check-in with my boss, Ned, that some management services non-supervisory employees, including some DEQ HR and training and development staff, have continued to be included in those meetings/conference/emails. I believe this to be a discriminatory and retaliatory action against me based on my religion.

    b.  On October 20, 2021, I was effectively outed as a member of the disfavored out-group when emails from upper management were sent encouraging all DEQ staff to publicly share their gender pronouns (i.e., gender identity) in their email signature lines to demonstrate allyship with people who may have been misgendered, and I declined. I believe being required or coerced to share my protected class status information publicly, especially if the sharing of that information would cause me to participate in discrimination against or favoritism toward individuals on the basis of their protected class status (i.e., their gender and/or their religion), to be a discriminatory action against me based on my religion.

    c.  On September 7, 2022, my concerns were dismissed by DEQ HR when I suggested that the resume-less recruiting policy it designed (led by Recruitment Team Lead, Maddy Ouye) seemed discriminatory and the interview script template it disseminated to hiring managers for use in interviews, which required

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/6/2023<br>————————————  ————————————<br>Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 551-2023-02513 |

| Oregon Bureau of Labor & Industries - Civil Rights Division | and EEOC |
|---|---|
| State or local Agency, if any | |

hiring managers, interview panelists, and job applicants to publicly share their gender pronouns/identity, and by inference their religious position (by asking in a non-optional way), seemed discriminatory. DEQ has since adjusted the script to call for interview panelists to publicly share their gender pronouns/identities, and by inference their religious position, and to request that interviewees share theirs if they're comfortable.

d.  On September 9, 2022, as an interview panelist, I requested a reasonable accommodation related to my disability (which I had disclosed to my manager, Ned, on September 7, 2022), and was initially firmly denied by DEQ HR Manager, Penny. I ultimately received my requested accommodation after a meeting with Penny and Ned the morning of September 12, 2022.

e.  On September 12, 2022, I participated on an interview panel where I was the only person in the interview to decline to publicly share my gender pronouns/identity and by inference my religious position, which confirmed to others in the interview my membership in the disfavored out-group.

f.  On February 23, 2023, following my disclosure of my disability and request for an accommodation, and following my filing of a religious discrimination complaint with DAS CHRO, I learned I was not invited to participate on an interview panel for which I had been strongly endorsed to the hiring manager by a coworker who was invited to participate as a panelist. I believe this to be a discriminatory action against me based on my disability and/or a retaliatory action against me based on my reporting and whistleblowing activities.

g.  From October 2020 to present, after Respondent was aware that anti-racist concepts endorsed at the Manager DEI Conference violated my religious beliefs, Respondent leadership has effectively asked me to set aside my religious beliefs against discrimination or favoritism in employment decisions on the basis of protected class status in order to join their religion/anti-religion. Respondent's actions include but are not limited to, the following:

- Respondent has pressured or required me to share my protected class status information (my gender identity and with it my inferred religious position) publicly by 1) strongly encouraging me to include my gender pronouns in my email signature line, 2) requiring me to share my gender pronouns publicly in job interviews, and 3) continually sending me "Why Share Pronouns" hyperlinks in email signature lines to coerce me to join the in-group by sharing my gender pronouns/identity publicly. This is coercion and endorsement of a type of religion/anti-religion, in violation of the Establishment Clause and Free Exercise Clause of the 1st Amendment, and it is a

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/6/2023<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC<br><br>FEPA | Agency(ies) Charge No(s):<br><br>**551-2023-02513** |
|---|---|---|

| **Oregon Bureau of Labor & Industries - Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

violation of equal protection under the 14ᵗʰ Amendment. In doing so, Respondent has discriminated against me and placed me at risk of others discriminating against me.

- Respondent has subjected me to proselytizing emails from upper management and the DEQ Pride and BIPOC affinity groups, encouraging DEQ staff to become better allies to the LGBTQIA2S+ and BIPOC communities. These emails are often shaming, demoralizing, and degrading, and they are offensive and unwelcoming because they promote and encourage dividing people into certain types of groups based on only certain aspects of peoples' (protected class status) identities and treating them differently because of their membership in a protected class, not because of anyone's individual needs. They seem intended to offend, shame, and disrespect those who have conflicting religious values – and they do offend me and my religious values.

- Respondent has subjected me to religious/anti-religious iconography at work by authorizing the creation and incorporation of DEQ Pride logos into websites, emails, social media, and employee Teams backgrounds and email signature lines. This symbol, which has effectively become a religious/anti-religious symbol, similar to the sharing of gender pronouns, allows the agency and employees to display their alliance with certain religious/anti-religious values, and serves to represent a rejection of other religious faiths.

h.  Taken together, this unwelcome, inappropriate, discriminatory behavior is severe and pervasive enough to create a hostile work environment towards me. The work environment or atmosphere (which constitutes a term, condition, or privilege of employment) that Respondent has established and maintained at my place of work supports discriminatory practices and activities that cause me emotional and psychological harm.

- As of today, June 4, 2023, Respondent's harassment continues. My proposed remedies include the following: I want DEQ to stop coercing employees and job applicants to publicly share their gender identities and by inference their religious/anti-religious beliefs, stop denying interview panelists access to written job applicant materials, stop endorsing and promoting proselytizing by in-group members, stop creating and disseminating religious/anti-religious iconography (specifically, DEQ Pride logos), and stop assertively implementing the unlawful 21-23 draft Affirmative Action plan. I want DEQ to publicly apologize for their discriminatory actions, make whole the people against whom they've discriminated, and take affirmative action to attract, hire, retain and promote people with diverse religious beliefs. I want to be invited back to management meetings/conferences/emails, and I want to be included on interview panels again.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6/6/2023     *[signature]*<br>Date        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.    **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.    **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.    **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.    **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.    **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.